IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAVON MEALY, #406970<br>        Petitioner,<br>v.<br><br>FRANK B. BISHOP and<br>THE ATTORNEY GENERAL OF THE<br>  STATE OF MARYLAND<br>        Respondents. | *<br><br>*   CIVIL ACTION NO. RDB-14-3616<br><br>*<br><br>*<br><br>***** |

## MEMORANDUM OPINION

On November 14, 2014, the Clerk received the instant case filed on a 28 U.S.C. § 2254 habeas form. Petitioner Tavon Mealy (hereinafter referred to as "Mealy"), a state inmate confined at the North Branch Correctional Institution, seemingly states that he was convicted of a non-violent offense and as he was previously released and convicted of a new crime the "old and new sentences [should] never aggregate…" He claims that his sentence is incorrectly calculated under Maryland case law,[1] that he should be receiving additional credits against his sentence, and that the "Rule of Lenity" is implicated and requires resolution in his favor. ECF No. 1. Mealy challenges the execution of his sentence. Because he appears indigent, his Motion to Proceed In Forma Pauperis shall be granted.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief whether pursuant to 28

---

[1] Mealy cites to "*Wickes*" and "*Henderson.*" He is presumably referring to the decisions issued by the Court of Appeals of Maryland in *Beshears v. Wickes*, 349 Md. 1, 706 A.2d 608 (1998) *and Secretary, Dep't of Public Safety & Correctional Servs. v. Henderson*, 351 Md. 438, 718 F.2d 1150 (1998). *Wickes* involved the interpretation of the Maryland statutes governing the calculation of sentence diminution credits. *Henderson* held that a prisoner's sentences had to be aggregated to form one term of confinement for purposes of calculating good conduct credits.

U.S.C. § 2241 or § 2254(b). *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy,* 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 U.S. at 523. This consolidated matter must be dismissed because there is no evidence that Mealy has exhausted available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

A prisoner challenging the DOC's failure to calculate properly his good time credits and/or release date has two possible avenues for relief in the state courts. Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the Warden of the institution where he is confined;

2. Appealing a denial of the request by the Warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office, ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court; and

5) Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, a prisoner must then seek *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;[2]

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has failed to show that he has fully utilized either of these procedures. Therefore, his consolidated Petition for writ of habeas corpus shall be dismissed without prejudice for the failure to exhaust available state court remedies.[3]   A separate Order follows.

Date: *November 19, 2014*                    /s/ Richard D. Bennett
                                             RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

[2] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[3] In almost all instances, sentence and diminution credit calculation disputes in a state penal system involve issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Although not absolute, a violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Where, however, a "claim ... rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Williams v. Warden of Maryland Penitentiary*, 209 Md. 627, 628, 120 A.2d 184 (1956) (failure to exercise discretion to grant credit for time spent on parole did not deprive prisoner of constitutional right).